# *IN THE SUPREME COURT, STATE OF WYOMING*

## 2026 WY 48

*April Term, A.D. 2026*

*April 29, 2026*

|  |  |
|---|---|
| **BOARD OF PROFESSIONAL RESPONSIBILITY, WYOMING STATE BAR,**<br><br>Petitioner,<br><br>v.<br><br>**VAUGHN H. NEUBAUER, WSB #6-3443,**<br><br>Respondent. | D-26-0002 |

## ORDER OF THREE-YEAR SUSPENSION

[¶1]   **This matter** came before the Court upon a Report and Recommendation for Three-Year Suspension, filed herein March 24, 2026, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Rule 16 of the Wyoming Rules of Disciplinary Procedure.  The Court notes Respondent has not filed an objection to the Board of Professional Responsibility's Report and Recommendation.  The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Vaughn H. Neubauer should be suspended from the practice of law for three years.  It is, therefore,

[¶2]   **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Three-Year Suspension, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]   **ADJUDGED AND ORDERED** that, as a result of the conduct set forth in the Report and Recommendation for Three-Year Suspension, Vaughn H. Neubauer shall be

suspended from the practice of law for three years, with the period of suspension to begin May 29, 2026; and it is further;

[¶4]    **ADJUDGED AND ORDERED** that, during the period of suspension, Respondent shall comply with the requirements of the Wyoming Rules of Disciplinary Procedure, particularly Rule 21 of those rules.  That rule governs the duties of disbarred and suspended attorneys; and it is further

[¶5]    **ORDERED** that, pursuant to Rule 25 of the Wyoming Rules of Disciplinary Procedure, Mr. Neubauer shall reimburse the Wyoming State Bar the amount of $50, representing the costs incurred in handling this matter, as well as pay the administrative fee of $750.00.  Mr. Neubauer shall pay the total amount of $800 to the Wyoming State Bar on or before May 11, 2026.  If Mr. Neubauer fails to make payment in the time allotted, execution may issue on the award; and it is further

[¶6]    **ORDERED** that the Clerk of this Court shall docket this Order of Three-Year Suspension, along with the incorporated Report and Recommendation for Three-Year Suspension, as a matter coming regularly before this Court as a public record; and it is further

[¶7]    **ORDERED** that, pursuant to Rule 9(b) of the Wyoming Rules of Disciplinary Procedure, this Order of Three-Year Suspension, along with the incorporated Report and Recommendation for Three-Year Suspension, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶8]    **ORDERED** that the Clerk of this Court cause a copy of this Order of Three-Year Suspension to be served upon Respondent Vaughn H. Neubauer.

[¶9]    **DATED** this 29th day of April, 2026.

BY THE COURT:

/s/

**LYNNE BOOMGAARDEN**
**Chief Justice**

IN THE SUPREME COURT
STATE OF WYOMING
FILED

MAR 24 2026

SHAWNA GOETZ, CLERK

D-26-0002

**BEFORE THE SUPREME COURT**

**STATE OF WYOMING**

| | | |
|---|---|---|
| *In the matter of* | ) | |
| *VAUGHN H. NEUBAUER,* | ) | |
| *WSB #6-3443,* | ) | BPR 2025-88 |
| | ) | |
| *Respondent.* | ) | |
| | ) | |

---

## REPORT AND RECOMMENDATION FOR THREE-YEAR SUSPENSION

---

THIS MATTER came before a Hearing Panel of the Board of Professional Responsibility of the Wyoming State Bar ("BPR") on March 5, 2026, for a sanction hearing via Zoom teleconference. Hearing Panel members Kylie Waldrip (chair), Susan Chapin Stubson and Brett McPeak were in attendance. The Wyoming State Bar was represented by Bar Counsel, Mark W. Gifford. Respondent Vaughn Neubauer was present.

Having considered Bar Counsel's sanction hearing brief and the parties' presentations during the sanction hearing, the Hearing Panel unanimously FINDS, CONCLUDES and RECOMMENDS as follows:

Findings of Fact

A Formal Charge was filed in this matter on January 2, 2026. Respondent was served via certified mail and email the same day. Rule 14, W.R.Disc.P., provides:

**Rule 14. Answer to Formal Charge – Filing, Failure to Answer, Default.**

(a) *Answer.* Within twenty (20) days after service of the formal charge, or within such greater period of time as may be approved by the BPR or a Disciplinary Judge, the respondent shall file the original of an answer to the formal charge with the BPR Clerk and shall serve a copy upon Bar Counsel. In the answer the respondent shall either admit or deny every material allegation contained in the formal charge, or request that the allegation be set forth with greater particularity. In addition, the respondent shall set forth in the answer any affirmative defenses. Any

objection to the formal charge which a respondent may assert, including a challenge to the formal charge for failure to charge misconduct constituting grounds for discipline, must also be set forth in the answer.

(b)     *Failure to answer; default; failure to appear.*

(1) If the respondent fails to file an answer within the period provided by subsection (a) of this Rule, Bar Counsel shall file a motion for default with the BPR Clerk. Thereafter, the BPR Clerk shall enter a default and the formal charge shall be deemed admitted; provided, however, that a respondent who fails to file a timely answer may, upon a showing that the failure to answer was the result of mistake, inadvertence, surprise, or excusable neglect, obtain leave of the BPR to file an answer.

(2) Notwithstanding the entry of a default, Bar Counsel shall give the respondent notice of the sanction hearing, at which Bar Counsel and the respondent may appear and present evidence and arguments to the BPR regarding the form of discipline to be imposed. Thereafter the BPR shall conduct a sanction hearing and order a private reprimand or submit its report and recommendation to the Court as provided in Rule 15.

(3) If the respondent should fail to appear when so ordered by the BPR, the respondent shall be deemed to have admitted the factual allegations which were to be the subject of such appearance and/or to have conceded any motion or recommendations to be considered at such appearance. The BPR shall not, absent good cause, continue or delay proceedings due to the respondent's failure to appear.

Respondent failed to file an Answer to the Formal Charge. On February 2, 2026, Default was entered. Pursuant to Rule 14(b)(1), the allegations of the Formal Charge are deemed admitted.

By virtue of Respondent's failure to respond to the formal charge and the default entered in this matter, the following allegations of the formal charge are deemed admitted pursuant to Rule 14(b)(1), W.R.Disc.P.:

1.      Respondent Vaughn Neubauer was admitted to the Wyoming State Bar on April 25, 2001. His Laramie-based practice has largely focused on criminal law, though he occasionally does civil litigation.

2.      Over the years, the Office of Bar Counsel has received 17 complaints against Respondent, with eight of those received since 2021. He received a private reprimand in 2009 and a

2

diversion in 2022. During 2025, the Wyoming Supreme Court approved a stipulated, 30-day suspension stayed upon successful completion of six months' probation. The order stemmed from two complaints, one submitted by a client for whom Respondent had botched an appeal and the other submitted by a client for whom Respondent's office missed a filing deadline on a petition for post-conviction relief. The stipulated discipline set terms of Respondent's probation as follows:

- Respondent will submit monthly, written reports to the Office of Bar Counsel ("OBC") regarding Respondent's compliance with the terms of his probation. The monthly reports shall commence 30 days after the entry of an Order by the Wyoming Supreme Court and shall continue until the probationary term of six months is complete.
- Within ten days of the entry of an Order by the Wyoming Supreme Court, Respondent will review the self-audit checklist available on the Bar website (https://www.wyomingbar.org/for-lawyers/lawyer-resources/law-office-self-audit-checklist/) and take the ALPS Virtual Ethics Risk Assessment Quiz and review the practice tools available at https://www.alpsinsurance.com/resources/risk-management. Respondent will provide the completed self-audit checklist to the OBC for review and feedback. The Panel notes that Respondent has already commenced review of the self-audit checklist.
- Within 30 days of the entry of an Order by the Wyoming Supreme Court, Respondent will review his electronic and paper files to determine whether improved organization is needed. Respondent will separate closed matters from open matters. The Panel notes that Respondent and Assistant reviewed many files after the Complaints were filed but will do so again as part of probation.
- Within thirty days of the entry of an Order by the Wyoming Supreme Court, Respondent will implement a calendaring strategy that provides multiple reminders in advance of deadlines. Upon agreeing to representation, Respondent and his office staff will identify deadlines and determine the length of time to set reminders in advance of the deadlines. The deadlines will be on, at a minimum, Respondent's and one office staff member's calendar. The Panel notes that Respondent has already reviewed deadlines and adjusted reminders to ensure greater notice of deadlines.
- Within sixty days of the entry of an Order by the Wyoming Supreme Court, Respondent will develop and adopt detailed law office policies and procedures for calendaring/docketing as stated above, periodic reviews of active cases, mail processing, client relationship, termination of representation and staff management. Said policies and procedures will be reviewed and approved by the OBC and reflect Respondent's vigilant commitment to best practices as set forth in the Wyoming State Bar's Law Office Self-Audit Checklist.
- Respondent shall attend a minimum of three Continuing Legal Education Credits ("CLE") related to law office management or time management. Additionally, Respondent shall attend a minimum of three CLE credits related to law office management, or time-management, or well-being. Respondent will provide proof of

3

CLE to the OBC.
• Respondent will address with office staff the importance of accuracy in all matters, including communications with third parties via email or mail.
• During the period of probation, which shall be a six-month probation, Respondent shall commit no further violations of the Wyoming Rules of Professional Conduct.

The six-month probationary period was to begin June 2, 2025, and conclude on or about December 2, 2025.

3.      Neubauer's compliance with the terms of his probation was spotty. He submitted his monthly reports for June, July and August, submitted his September report a month late, and essentially didn't submit reports for October or November.

4.      This formal charge stems from a complaint submitted in late July of 2025 by Kyle and Kaelyn Christensen, who were named as individual defendants along with their company, K-K Construction, LLC, in a breach of contract action brought by a couple, Tim and Lori Libel, who paid the defendants $180,000 to construct a barndominium[1] on their property. The lawsuit was filed in March 2024 in the District Court for the First Judicial District by Cheyenne attorney Justin Hesser.

5.      The defendants were first represented by Cheyenne attorney Kaleb Gibertoni, who timely filed an answer and counterclaims on behalf of all defendants, but then sought to withdraw after the defendants could not come up with his retainer. Judge Catherine Rogers allowed Gibertoni to withdraw from representing the Christensens but conditioned his withdrawal as the attorney for K-K Construction, LLC, on the entry of appearance by replacement counsel.

6.      The Christensens then retained Respondent in late June 2024, agreeing to pay him a $30,000 flat fee. Respondent entered his appearance on behalf of all defendants on July 2, 2024.

---

[1]barndominium *noun* [C]
UK /ˌbɑːn.dəˈmɪn.i.əm/ US /ˌbɑːrn.dəˈmɪn.i.əm/, a type of house made of metal or wood that combines a large, open-plan living space with a garage or workshop. https://dictionaryblog.cambridge.org/2025/02/24/new-words-24-february-2025/

7.    Hesser filed an amended complaint on September 20, 2024. Respondent never filed an answer. On October 4, 2024, Hesser filed a motion for order compelling discovery from defendants. Respondent did not file a response.

8.    On February 3, 2025, Judge Rogers entered an order imposing sanctions against all defendants for failure to comply with discovery, ordering the defendants to pay plaintiffs $2,879.14 within 30 days.

9.    On February 20, 2025, Hesser filed a motion for summary judgment and supporting brief on behalf of the plaintiffs. Respondent never filed a response.

10.    On June 17, 2025, Judge Rogers issued an order setting a hearing on plaintiffs' motion for summary judgment for June 30, 2025. Phone records produced by the Christensens support their claim that Respondent never informed them of the summary judgment motion until the night before the hearing, when they had a 14-minute conversation with Respondent.

11.    On July 21, 2025, Judge Rogers entered a judgment against defendants in the amount of $186,000. On July 30, 2025, the Christensens submitted a complaint against Respondent to the Office of Bar Counsel.

12.    Respondent's failures for the Christensens occurred in the same time frame his suspension with probation case was working its way to the Court. On March 21, 2025, Respondent signed an affidavit of conditional admission to violations of Rule 1.3 in the two pending disciplinary matters. On March 26, 2025, a stipulation for suspension with probation was filed with the Board of Professional Responsibility. The BPR's report and recommendation to approve the stipulation was filed with the Court on April 21, 2025. The Court issued its order on May 29, 2025.

13.    Upon receipt of the Christensens' complaint, the Office of Bar Counsel requested additional documentation from them before initiating an investigation. When the Christensen's produced the requested records in early September, Bar Counsel initiated an investigation for

5

potential violations of Rules 1.3 (diligence) and 1.4 (communication with clients), mailing Respondent a copy of the complaint and supporting documents. Bar Counsel requested a written response by September 22, 2025, to be accompanied by "your engagement agreement, time records and all emails or other evidence of communications in the underlying case."

14.    Respondent did not submit a timely response. On September 26, 2025, Bar Counsel wrote to Respondent again, requesting a written response by October 10, 2025. Late the evening of October 10, 2025, Respondent emailed his three-page response to Bar Counsel. Respondent claimed he should not have taken the case and he "didn't know what to do or how to do it." He said it was difficult to get documents from his clients and conceded, "I know I am not blameless in this disaster. I never should have taken the case, I should have hired co-counsel, I should have made a greater effort to communicate with Mr. Christensen, and I should have withdrawn from the case once I realized Mr. Christensen would not comply with the plaintiff's discovery requests." Respondent said he was "in the midst of a pretty bad case of depression at the time. I'm sure this affected my performance. I know I share blame here, but I think Mr. Christensen carries a lot too." He concluded his response with the following:

> This happened before I went on probation over other matters, and I'm making a lot of progress on this front. I know I did wrong for Mr. Christensen, but not nearly as wrong as he claims. I should have withdrawn, and I don't really have a good explanation for why I didn't. I know I didn't perform perfectly, but Mr. Christensen's lack of assistance was the main factor in my opinion.
>
> Thank you for your consideration of this response. I will of course provide any further answers or documents you may request; just please let me know. Like I said, I know I failed in certain requests here. I would just ask that you consider that I have taken a LOT of steps to cope with my depression since then. I have resolved to never touch another civil case again. I have taken steps in a lot of other respects since all this happened. I hope we can have a productive discussion when considering what consequences I need to face for this.

15.    On October 23, 2025, Bar Counsel sent the following email to Respondent:

In my opening letter dated September 8, 2025, I asked you to produce, with your response to the Christensen complaint, a copy of your engagement agreement, time records and all emails or other evidence of communications in the underlying case. Please produce these records by the close of business tomorrow.

16. On October 24, 2025, Respondent produced 30 pages of records, including a copy of the engagement agreement with Christensens, phone records and scattered emails.

17. Respondent did not comply with the monthly reporting requirement for the last two months of his probationary period.

18. Bar Counsel's investigation of Respondent has revealed clear and convincing evidence of violations of Rule 1.3 (diligence) in his representation of the Christensens. Moreover, his failure to comply with the terms of his probation places him in violation of Rule 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal).

19. On December 29, 2025, the Review and Oversight Committee issued an order of finding of probable cause, authorizing Bar Counsel to file a formal charge against Respondent.

Respondent's misconduct having been established, it now becomes necessary for the Hearing Panel to determine the appropriate discipline. *See* Rule 15(b)(3)(C), W.R.Disc.P.

## Sanction Analysis

Rule 15(b)(3)(D), W.R.Disc.,P., lists the factors to be considered in determining lawyer sanctions:

(D) In imposing a sanction after a finding of misconduct by the respondent, the BPR shall consider the following factors, as enumerated in the ABA Standards for Imposing Lawyer Sanctions, which standards shall be applied by the BPR in determining the appropriate sanction:

    (i) Whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession;

    (ii) Whether the lawyer acted intentionally, knowingly, or negligently;

    (iii) The actual or potential injury caused by the lawyer's misconduct; and

7

(iv)   The existence of any aggravating or mitigating factors.

The American Bar Association's Standards for Imposing Lawyer Sanctions (the "ABA Standards") state, "The purpose of lawyer discipline proceedings is to protect the public and the administration of justice from lawyers who have not discharged, will not discharge, or are unlikely properly to discharge their professional duties to clients, the public, the legal system, and the legal profession." ABA Standard 3.0 lists the factors to be considered in imposing a sanction after a finding of lawyer misconduct, and essentially mirrors the language of Rule 15(b)(3)(D):

(a)  the duty violated;

(b)  the lawyer's mental state;

(c)  the potential or actual injury caused by the lawyer's misconduct; and

(d)  the existence of aggravating or mitigating factors.

## The First Factor: The Duty Violated

Respondent's violations of Rule 1.3 (lack of diligence) calls into play Standard 4.4, "Lack of Diligence," of the ABA Standards for Imposing Lawyer Sanctions. Standard 4.4 sets forth the following guidelines:

> Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving a failure to act with reasonable diligence and promptness in representing a client:
>
> 4.41   Disbarment is generally appropriate when:
>   (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
>   (b) a lawyer knowingly fails to perform services for a client and cause serious or potentially serious injury to a client; or
>   (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.
> 4.42   Suspension is generally appropriate when:
>   (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or
>   (b) a lawyer engages in a pattern of neglect with respect to client matters and causes injury or potential injury to a client.

4.43 Reprimand [i.e., "public censure" under Rule 9(a)(3) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

4.44 Admonition [i.e., "private reprimand" under Rule 9(a)(4) of the Rules of Disciplinary Procedure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes little or no actual or potential injury to a client.

The presumptive sanction for Respondent's violation of Rule 1.3 is disbarment.

Respondent's violation of Rule 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal) fall under Standard 6.2:

6.2 *Abuse of the Legal Process*

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0, the following sanctions are generally appropriate in cases involving failure to expedite litigation or bring a meritorious claim, or failure to obey any obligation under the rules of the tribunal except for an open refusal based on an assertion that no valid obligation exists:

6.21 Disbarment is generally appropriate when a lawyer knowingly violates a court order or a rule with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a party or causes serious or potentially serious interference with a legal proceeding.

6.22 Suspension is generally appropriate when a lawyer knows that he or she is violating a court order or rule, and causes injury or potential injury to a client or a party, or causes interference or potential interference with a legal proceeding.

6.23 [Public censure] is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.

6.24 [Private reprimand] is generally appropriate when a lawyer engages in an isolated instance of negligence in complying with a court order or rule, and causes little or no actual or potential injury to a party, or causes little or no actual or potential interference with a legal proceeding.

The presumptive sanction for Respondent's failure to comply with the terms of his disciplinary order is a suspension.

## The Second Factor: Respondent's Mental State

The preamble to the ABA Standards includes the following discussion regarding mental state:

> The mental states used in this model are defined as follows. The most culpable mental state is that of intent, when the lawyer acts with the conscious objective or purpose to accomplish a particular result. The next most culpable mental state is that of knowledge, when the lawyer acts with conscious awareness of the nature or attendant circumstances of his or her conduct both without the conscious objective or purpose to accomplish a particular result. The least culpable mental state is negligence, when a lawyer fails to be aware of a substantial risk that circumstances exist or that a result will follow, which failure is a deviation of a care that a reasonable lawyer would exercise in the situation.

It is clear that Respondent acted with conscious awareness of the nature or attendant circumstances of his conduct.

## The Third Factor: Potential/Actual Injury Caused By Respondent's Conduct

Under the ABA Standards, "injury" is defined as "harm to a client, the public, the legal system, or the profession which results from a lawyer's misconduct. The level of injury can range from 'serious' injury to 'little or no' injury; a reference to 'injury' alone indicates any level of injury greater than 'little or no' injury." The record is clear that Respondent's misconduct imposed actual injury on his clients and the judicial process.

## The Fourth Factor: Aggravating and Mitigating Circumstances

ABA Standard 9.0, entitled "Aggravation and Mitigation," provides as follows:

9.1 *Generally*

> After misconduct has been established, aggravating and mitigating circumstances may be considered in deciding what sanction to impose.

9.2 *Aggravation*

9.21 *Definition.* Aggravation or aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed.

10

9.22 *Factors which may be considered in aggravation.* Aggravating factors include:

(a) prior disciplinary offenses;
(b) dishonest or selfish motive;
(c) a pattern of misconduct;
(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of the victim;
(i) substantial experience in the practice of law;
(j) indifference in making restitution; and
(k) illegal conduct, including that involving the use of controlled substances.

9.3 *Mitigation*

9.31 *Definition.* Mitigation or mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed.

9.32 *Factors which may be considered in mitigation.* Mitigating factors include

(a) absence of a prior disciplinary record;
(b) absence of a dishonest or selfish motive;
(c) personal or emotional problems;
(d) timely good faith effort to make restitution or to rectify consequences of misconduct;
(e) full and free disclosure of disciplinary board or cooperative attitude toward proceedings;
(f) inexperience in the practice of law;
(g) character or reputation;
(h) physical disability;
(i) mental disability or chemical dependency including alcoholism or drug abuse when:
   (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;
   (2) the chemical dependency or mental disability caused the misconduct;
   (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and
   (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely.
(j) delay in disciplinary proceedings;
(k) imposition of other penalties or sanctions;
(l) remorse; and

11

(m) remoteness of prior offenses.

9.4 *Factors Which Are Neither Aggravating nor Mitigating.*

The following factors should not be considered as either aggravating nor mitigating:

(a) forced or compelled restitution;
(b) agreeing to the client's demand for certain improper behavior or result;
(c) withdrawal of complaint against the lawyer;
(d) resignation prior to completion of disciplinary proceedings;
(e) complainant's recommendation as to sanction; and
(f) failure of injured client to complain.

The following aggravating factors are present in this case:

(1)     Prior discipline

(2)     Pattern of misconduct

(3)     Vulnerability of victim

(4)     Substantial experience in the practice of law

(5)     Indifference to making restitution

(6)     Failure to comply with the terms of the previous stipulated discipline

## Recommendation

Based upon the foregoing findings and conclusions, the Review Panel recommends that the Court issue an order of three-year suspension of Respondent; and that Respondent be required to pay an administrative fee of $750.00 and costs of $50.00 to the Wyoming State Bar as provided in Rule 25(b), W.R.Disc.P.

Dated this 17th day of March, 2026.

Kylie Waldrip, Hearing Panel Chair
Board of Professional Responsibility
Wyoming State Bar

12